# JAMES WOOD v. J. H. CODDING ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS OF BRADFORD COUNTY.

Argued March 17, 1890—Decided April 7, 1890.

1. A writ of scire facias to revive a judgment should follow the original in the amount, the date, and the names of the parties; and, if there is a failure or defect in any of these respects, it is fatal on a plea of nul tiel record.

2. But where there is an irregularity in the names of the parties plaintiff, and such plea is not made, the judgment entered must stand as effective, if the record show such an identity of the proceedings as that the last judgment is a revival of the former.

3. An agreement made among themselves by the heirs of a decedent, on a partition of his real estate, that each shall pay an equal part of a judgment against the decedent, is inoperative upon the right of the judgment plaintiff to hold each liable for the whole.

Statement of Facts.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 20 January Term 1890, Sup. Ct.; court below, No. 639 May Term 1881, C. P.

On April 19, 1881, a scire facias to revive, etc., a judgment to No. 191 September Term 1878, was issued by James Wood, as plaintiff therein, against Mary A. Cash, administratrix of David Cash, deceased, Mary C. Griswold, heir of said David Cash, and Henry S. Griswold, her husband, and others. The defendants, Mary C. Griswold and her husband, pleaded that they had no land bound by the lien of said judgment, payment with leave, etc. Subsequently, Mary A. Cash, the administratrix, having died, James H. Codding, her successor, was substituted, and pleaded payment with leave, etc.

At the trial on December 23, 1884, a judgment was directed for the plaintiff for $1,444.25, but this judgment was reversed by the Supreme Court: Codding v. Wood, 112 Pa. 371. At the second trial, on September 17, 1887, there was a verdict and judgment for the plaintiff for $1,845.23, but a new trial was granted.

At the third trial on February 15, 1889, the plaintiff made the following offers:

1. The original judgment to No. 191 September Term 1878, in favor of Gurdon Hewitt, J. D. Montanye, and others, v. David Cash, entered February 2, 1878, for $6,600.

2. The amicable scire facias, dated October 9, 1862, on the foregoing, to No. 181 December Term 1862, in favor of the same parties, against the same defendant; also, amicable scire facias to No. 339 September Term 1867, and judgment entered thereon for $5,550, against Mary A. Cash, administratrix of David Cash.

3. The amicable scire facias filed August 29, 1872, in favor of the original plaintiffs to the use of Gurdon Hewitt, Jr., against Mary A. Cash, administratrix, to No. 1161 September Term 1872, and judgment entered for $1,758.95, with interest from June 5, 1872; the record showing a fieri facias to No. 249 May Term 1873; an assignment of the judgment on May 1, 1873, to Edward T. Elliott, and an assignment on May 10, 1873, to Charles Chaffee.

### Statement of Facts.

4. The amicable scire facias filed May 20, 1873, in favor of the original plaintiffs to use of Charles Chaffee, and judgment entered against Geo. P. Cash, C. D. Cash, F. A. Cash, and M. A. Cash, administratrix, for $1,870.11, with interest from May 1, 1873; the record showing an assignment of the judgment on October 3, 1874, to James Wood.

5. The amicable scire facias issued May 17, 1878, in favor of the original plaintiffs to use of James Wood against the same defendants as in the preceding, and terre-tenants, judgment being taken February 3, 1879, for $1,419.75; also the scire facias issued April 19, 1881, on the last mentioned judgment, to No. 639 May Term 1881, the cause in suit, in favor of James Wood against the parties defending.

6. The alias scire facias issued August 27, 1881, showing appearance by Mary C. Griswold and Henry S. Griswold, her husband, on May 23, 1881, and a paper filed by plaintiff Wood on August 27, 1884, withdrawing any claim to revive the judgment against Mary C. Griswold, as terre-tenant, but against her as heir only.

To the foregoing offers, severally, the objection was made by the defendants' counsel that no authority had been shown authorizing the issuance of the scire facias in the name of James Wood, and, as to the last offer, that the judgment recited in the writ did not justify nor warrant the issuing of a writ in the name of James Wood; and the writ itself was not supported by any previous judgment in evidence, which could form the basis of a scire facias against Mary C. Griswold as an heir of David Cash.

By the court: It is true that a scire facias on a judgment should follow the original judgment in the amount and date, and the names of the parties, and if there is a failure or defect in any of these respects, on a plea of nul tiel record, it is fatal. But if that plea is not made, and there is a judgment obtained, it seems to us that we cannot, collaterally, set that judgment aside. It may change on the scire facias, as to the amount, or by substituting administrators, or new names, and if there is a substitution of new names, and that objection is not raised upon the trial of the case, and judgment is entered, it seems to us that that judgment must stand. It seems to us that all that is necessary here is to ascertain that there is such an identity

Charge of Court below.

of these proceedings that one of these judgments is a revival of the other. Objections overruled; offers admitted; exceptions.[1 to 6]

It was then made to appear from the testimony submitted, as follows : David Cash had died in 1864, leaving a widow, Mary A. Cash, and five children, Geo. P. Cash, Charles D. Cash, Fred A. Cash, Mary Cash, afterwards married to Henry S. Griswold, and Louisa Cash, afterwards married to James Wood. In 1869, the heirs made partition among themselves of all the lands bound by the lien of the judgment in controversy, except the homestead. The judgment then amounted to $5,000, and it was agreed between them that each of the five heirs should pay $1,000 of it. On November 11, 1875, Mary C. Griswold received from James Wood a conveyance of the undivided one fifth interest in the homestead, which was the interest of Louisa, devised to James Wood by the will of his wife, who was then dead; and on May 6, 1876, she acquired the one fifth interest of Geo. P. Cash by its purchase at sheriff sale.

As to her interest in the homestead as heir, she claimed, upon the evidence, that it was released from the lien of the judgment in controversy by an agreement made in 1875, when Louisa's interest was conveyed to her by James Wood, the deed containing this clause : " This conveyance is in no way to affect the lien of a certain judgment originally in the name of Gurdon Hewitt, and now owned by the party of the first part:" that she would not have accepted the deed with this clause in it, except for the assurance of the grantor that the Hewitt judgment should not cost her a dollar. She claimed, also, that her said interest as heir was again released by an arrangement made when she purchased the interest of Geo. P. Cash at sheriff's sale in 1876; that under this arrangement the interest had first been bought by Wood, and that in consideration of her agreement to take the property off his hands and become the purchaser of it herself, he released her said interest from the lien of said judgment. This agreement was denied by James Wood.

The court, SITTSER, P. J., instructed the jury that so far as the alleged release of 1875 was concerned, the evidence of the

defendants was not sufficient to sustain it, and submitted to the jury to find from the evidence whether the plaintiff, in consideration of Mrs. Griswold's agreement to pay the bid to the sheriff on the sale of Geo. P. Cash's interest in 1876, etc., agreed to release the lien of his judgment from the interest she had inherited from her father. The charge concluded:

The defendants have submitted certain points as follows:

1. That independently of any question as to a release of Mrs. Griswold by express agreement of Mr. Wood, if the jury believe Mrs. Wood and Mrs. Griswold paid their proportionate parts of the Hewitt judgment, pursuant to an agreement that each of the five Cash heirs should pay one fifth; that this agreement and payment were known to Mr. Wood; that he purchased the Hewitt judgment for the purpose of enforcing the collection thereof out of the property of those of the Cash heirs who had not paid their shares thereof; that he so informed Mrs. Griswold; that he acquired by devise property of the Cash estate which descended to Louisa Cash, afterwards Mrs. Wood; these circumstances make it incumbent upon Mr. Wood to enforce his remedies against those of the Cash heirs who had not paid their proportions of the Hewitt debt, and any neglect on his part to enforce such remedies whereby sufficient property of said Cash heirs to satisfy such debt escaped from liability therefor, would discharge Mrs. Griswold.

Answer: This point is not affirmed. This agreement between the heirs that each should pay $1,000 was a binding agreement upon the heirs, but it was not binding upon Gurdon Hewitt, the plaintiff in the judgment, nor upon Mr. Wood, as his assignee of the judgment.[7]

—The jury returned a verdict in favor of the plaintiff for $2,274.44. Judgment having been entered, the defendants took this appeal, assigning for error: 1–6. The admission of the plaintiff's offers.[1 to 6] 7. The answer to the defendants' point.[7]

*Mr. John F. Sanderson* and *Mr. Edward Overton*, for the appellants.

On the question of irregularity in the revivals, counsel cited: McKinney v. Mehaffey, 7 W. & S. 276; Grenell v. Sharp, 4 Wh. 344; Richter v. Cummings, 60 Pa. 441; Dietrich's App.,

107 Pa. 174; Arrison v. Commonwealth, 1 W. 374; Worman's App., 110 Pa. 25; Custer v. Detterer, 3 W. & S. 28; Collingwood v. Carson, 2 W. & S. 220; Hays v. Shannon, 5 W. 548; Duff v. Wynkoop, 74 Pa. 300. On the seventh assignment: Konigmaker v. Brown, 14 Pa. 274; Schoonover v. Pierce, 7 W. N. 93; Gearhart v. Jordan, 11 Pa. 325; Lowry v. McKinney, 68 Pa. 294; Martin's App., 97 Pa. 85; Croft v. Moore, 9 W. 451.

*Mr. Rodney A. Mercur* and *Mr. L. M. Hall* (with him *Mr. Wm. T. Davies*), for the appellee.

On the irregularities in the revivals, counsel cited: Douglass v. Beam, 2 Binn. 76; Share v. Becker, 8 S. & R. 239; Roop v. Meek, 6 S. & R. 545; Burkholder v. Keller, 2 Pa. 51; Palmer v. Wilkinson, 73 Pa. 341; Hersch v. Groff, 2 W. & S. 449; Abbott v. Lyon, 4 W. & S. 38. On the seventh assignment of error: Codding v. Wood, 112 Pa. 371.

PER CURIAM:

Judgment affirmed.